UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| VALENTINE PENA AND LINDA PENA | * | CIVIL ACTION NO. 15-0420 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| DAVID CASTEEL, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to quash defendant's notices of records depositions and subpoenas [doc. # 46] filed by plaintiffs Valentine and Linda Pena. The motion is opposed. For reasons explained below, the motion is GRANTED IN PART.[1]

**Background**[2]

On February 11, 2016, in adherence to Rule 45(a)(4) of the Federal Rules of Civil Procedure, defendant Hagemeyer North America, Inc. ("Hagemeyer") served plaintiffs' counsel with copies of two sets of deposition notices and document subpoenas that it intended to serve on plaintiffs' economic and vocational rehabilitation experts, G. Randolph Rice and Stanford H. McNabb, respectively. *See* M/Quash, Exh. The notices and subpoenas required the

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] This matter is a personal injury suit for recovery of damages sustained by plaintiffs Valentine and Linda Pena as a result of an August 4, 2014, car accident in Baytown, Texas. (Petition).

deponents/respondents to produce, "[a]ny and all documents, electronically stored information, or other materials in [the respondent's] possession regarding Valentine Pena that were produced to [respondent] by plaintiffs, Valentine Pena and Linda Pena, and/or their counsel of record, Brian Caubarreaux and Associates." *Id*.

On February 12, 2016, plaintiffs filed the instant motion to quash the foregoing deposition notices and subpoenas. Plaintiffs contend that the requested information is subject to the work product privilege and that production of the documents would be unduly burdensome. On February 15, 2016, Hagemeyer filed its opposition memorandum, in which it emphasized, among other things, that the discovery it seeks from Rice and McNabb is authorized by Rule 26(b)(4). Furthermore, Hagemeyer has yet to serve the notices and subpoenas. Plaintiffs did not file a reply brief. Thus, the matter is ripe.

## **Law**

As an initial matter, because the subpoenas have yet to be issued, together with issues pertaining to standing, including whether this court is the proper forum to file a motion quash one of the subpoenas,[3] the court will construe the instant motion as a motion for protective order.[4]

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . .

---

[3] *See* Fed.R.Civ.P. 45(d)(3) ("[o]n timely motion, the court for the *district where compliance is required* must quash or modify a subpoena . . .").

[4] "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed.R.Civ.P. 26 (c)(1). In contrast to Rule 45(d)(3), there is no indication that Rule 26(c)(1)'s *alternative* forum for "matters relating to a deposition" is mandatory and exclusive.

. forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . " Fed.R.Civ.P. 26(c)(1)(D). The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981); *see also*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Furthermore, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984).

By its plain terms, Rule 26(b)(4)(C) applies to the discovery sought by Hagemeyer from plaintiffs' experts:

> (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> **(i)** relate to compensation for the expert's study or testimony;
>
> **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed.R.Civ.P. 26(b)(4)(C).

Clearly, defendant may discover information and documents in the three categories of inquiry specifically authorized. Moreover, plaintiffs have not established that it would prove unduly burdensome for their experts to produce the requested documents. Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.

1990).[5]

The foregoing notwithstanding, a party may not take the deposition of an expert who is required to provide a report until *after* the report is provided. Fed.R.Civ.P. 26(b)(4)(A). Here, there is no question that Rice and McNabb are required to issue reports. However, they have yet to do so. *See* M/Compel, Memo., pg. 3.[6] Accordingly, their depositions are premature. The court further observes that delaying an expert's deposition until after his report is provided helps to focus the opposing side's areas of inquiry and to streamline the discovery process. Indeed, an expert report must disclose the same types of information presently sought by defendants. Fed.R.Civ.P. 26(a)(2)(B). These same considerations compel deferral of expert witness-related discovery, whether in the form of a records deposition or subpoena, until after receipt of the expert witness report(s).

## Conclusion

For the above-assigned reasons,

---

[5] To the extent that the requested materials contain "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" they are not discoverable. Fed.R.Civ.P. 26(b)(3)(B). When a party refuses to produce documents otherwise discoverable by claiming that information contained in the documents is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In other words, the party must produce a privilege log, which, at minimum, should include for each withheld document or entry: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege asserted. *See Haensel v. Chrysler Corp.*, 1997 WL 537687 * 4 (E.D. La. 8/22/1997) (citing *Torres v. Kuzniasz*, 936 F. Supp. 1201(D. N.J.1996).

[6] Presently, there is no expert report deadline. A scheduling conference is set in this matter for March 17, 2016. [doc. # 45].

IT IS ORDERED that plaintiffs' motion for protective order (styled as a "motion to quash") [doc. # 46] is hereby GRANTED IN PART. Defendant shall defer discovery from plaintiffs' expert witnesses until after receipt of their reports.

IT IS FURTHER ORDERED that the motion [doc. # 46] otherwise is DENIED.

In Chambers, at Monroe, Louisiana, this 26th day of February 2016.

　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE